IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
98 JAN 30 PM 4: 09
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JAN 30 1998

RONALD LEE HATCHER, )
)
            Plaintiff )
)
vs. ) CASE NO. CV96-S-1727-NE
)
PAUL L. WATSON, et al., )
)
           Defendants )

## MEMORANDUM OPINION

Plaintiff, Ronald Lee Hatcher, an inmate of the Alabama penal system incarcerated at Limestone Correctional Facility (LCF), has submitted a complaint pursuant to 42 U.S.C. § 1983. He names as defendants Paul L. Watson, Director of Food Service; Dr. George Lyrene; Alabama Department of Corrections (ADOC) Commissioner Joe Hopper; and dietician Willie Ruth Buchanan. In accordance with the practices of this court, defendants were ordered to submit a special report responding to the allegations in plaintiff's complaint. Defendants submitted their special reports accompanied by affidavits and exhibits, and the reports were construed to be motions for summary judgment. Plaintiff was informed of the provisions of Rule 56, Fed.R.Civ.P., and afforded the opportunity to submit opposition.

Plaintiff, an HIV-positive inmate diagnosed in 1989, alleges that defendants have violated his Eighth and Fourteenth Amendment rights by failing to provide a diet to "offset the ravishes of the HIV virus." He contends that the present diet does not provide sufficient vitamins, minerals, and fiber

to keep his T4-cell count above 500. Plaintiff states he suffers from diarrhea and complains that he is not served whole milk or real eggs, butter and cheese. Plaintiff further complains the food is overcooked or ill-prepared.

## Motion for Summary Judgment of Dr. George Lyrene

Dr. Lyrene avers that Hatcher's complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and that he is entitled to qualified immunity. Dr. Lyrene has attached some of plaintiff's medical records to his special report. Dr. Lyrene avers the medical records establish that neither he nor the medical staff have been deliberately indifferent to the plaintiff's medical needs.

The medical records confirm that plaintiff has been prescribed multivitamins, Vitamin B-12 injections, and Resource Liquid[1] in an effort to supplement his daily diet with additional support. Dr. Lyrene states in his affidavit that the Alabama Department of Corrections serves a diet planned by a certified dietician to meet the nutritional needs of the inmate population. Some HIV-positive inmates are given dietary supplements in the form of Resource Liquid, a high calorie supplement. A large percentage of the HIV-positive inmates are on daily multivitamins and other vitamins and minerals as indicated. Dr. Lyrene further states "special diets recommended for HIV patients vary widely from author to author, group to group, with no one group being validated as better than another. It is my belief the HIV-positive inmates in the State of Alabama are receiving adequate nutritional support through the standard diet and medically indicated supplements."

---

[1] Hatcher's medical records show that he received Resource for a 10-day period in October 1991, for a 30-day period beginning August 5, 1996, for another 5-day period beginning September 11, 1996, and for a 10-day period beginning October 6, 1996.

2

### Motion for Summary Judgment of Paul Watson and Joe Hopper

Defendants Joe Hopper and Paul Watson, the former Director of Food Services for the ADOC, deny that they have violated plaintiff's constitutional rights and assert they are entitled to qualified immunity. Mr. Watson, in his affidavit, states that part of his duties as Director of Food Services included overseeing meal planning for ADOC inmates. He states that during his tenure as Food Services Director, all meal plans were reviewed by a licensed dietician to ensure they met daily nutritional requirements. Mr. Hopper states that he had no personal involvement with plaintiff. He also states that menu plans for ADOC are reviewed by a licensed dietician.

Defendants Watson and Hopper state that Willie Ruth Buchannan is a contract employee of ADOC and is not represented by ADOC. They state that ADOC is unable to accept service of process for Ms. Buchannan. In the Omnibus Order for Special Report, Waiver of Service of Process, and Rule 16 Scheduling Order entered in this action on September 4, 1996, plaintiff was notified of his duty to provide an adequate mailing address for each defendant. Plaintiff has not provided an address for defendant Buchannan.

### DISCUSSION

This matter is submitted to the court pursuant to the provisions of Rule 56, Fed. R. Civ. P. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986). Thus, summary judgment is appropriate where the non-movant "fails to

3

make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden or proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 332, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The substantive law governing the action determines whether an element is essential. *Liberty Lobby*, 477 U.S. at 248, 106 S. Ct. at 2510. A party seeking summary judgment always bears the initial responsibility of informing the district court that the basis for its motion, identifying those portions of the pleading, depositions, answers to interrogatories, and admissions on file, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553; *see Brown v. Crawford*, 906 F.2d 667, 669 (11th Cir. 1990), *cert. denied*, 500 U.S. 933, 111 S. Ct. 2056, 114 L.Ed.2d 461 (1991).

This circuit clearly holds that summary judgment should be entered when the moving party has sustained its burden of showing the absence of a genuine issue of material fact when all the evidence is viewed in the light most favorable to the non-moving party, *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir. 1983); *see also, Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512, 91 L.Ed.2d at 214. The evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor. *Id.* at 255, 106 S. Ct. at 2514, *citing Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59, 90 S. Ct. 1598, 1608-09, 26 L.Ed.2d 142 (1970). It is, therefore, under this standard that the court must determine whether the plaintiff can meet his burden of coming forward with sufficient evidence as to each material element of his claim sufficient to permit a reasonable jury to find in his favor.

The Constitution requires that prison officials provide inmates with "reasonably adequate" food. *Newman v. Alabama*, 559 F.2d 283, 291 (5th Cir. 1977). It does not require that inmates "be provided with any and every amenity which some person may think is needed to avoid mental, physical and emotional deterioration." *Id.* In this case, plaintiff asks that he be provided a special diet which may increase his T4-cell count. Alabama inmates are already provided with reasonably adequate food, and plaintiff's request for a different diet simply fails to state a constitutional claim. Plaintiff also has not alleged any injury or harm to himself directly traceable to the standard diet, only a possibility that his health may be somewhat bettered by a different diet. *Thomas v. James*, 661 F.2d 67 (5th Cir. Unit B 1981).

The court further concludes that defendants are entitled to qualified immunity. In *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), the Supreme Court held that "government officials generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *See also Lassiter v. Alabama A&M University*, 28 F.3d 1146, 1149 (11th Cir. 1994)(en banc). The objective reasonableness standard announced in *Harlow* affords broad qualified immunity to "all but the plainly incompetent or to those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The relevant inquiry is "could a reasonable official have believed his or her actions to be lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred." *Nicholson v. Georgia Dept. of Human Resources*, 918 F.2d 145, 147 (11th Cir. 1990). The court in *Nicholson* further stated "[u]nless it can be said that the state of the law was of such clarity that a reasonable official should have been on notice that his or her challenged conduct was unlawful, that official is entitled to qualified immunity." *Id.*; *see also Clark v. Evans*, 840 F.2d

5

876, 880 (11th Cir. 1988). The burden is upon the plaintiff "to show lack of good faith on the defendant's part," by demonstrating that the defendant's actions violated clearly established constitutional laws. *Rich v. Dollar*, 841 F.2d 1558 (11th Cir. 1988). Therefore, the court must determine (1) what was the clearly established law at the time of the defendants' actions, and (2) whether the defendants' conduct violated that clearly established law. *Rich*, 841 F.2d at 1564. According to *Lassiter, supra*, the standard is stringently applied: "Unless a government agent's act is so obviously wrong, in the light of preexisting law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit." 28 F.3d at 1149.

Plaintiff has failed to direct the court to any established case law that requires the defendants to provide him with a specific diet because of his HIV-positive status. Research by the court has disclosed no such case.[2] Therefore, because defendants have not violated any clearly established constitutional rights with regard to diets to be provided an HIV-positive inmate, they are entitled to qualified immunity in this action.

Based on the foregoing, the court concludes that defendants are entitled to summary judgment on all claims asserted by plaintiff in this action.

---

[2] In *United States v. State of Michigan*, 680 F. Supp. 270 (W.D. Mich. 1988), the court suggests that it might be deliberate indifference to place a prisoner compromised by AIDS infection on a food loaf. However, this *dicta* does not clearly establish law for the purpose of qualified immunity analysis. Further, a decision by the United States District Court for the Western District of Michigan is not binding authority on this court. In *In re Connecticut Prison Overcrowding and AIDS Cases*, 1990 WL 261348 (D. Conn. December 6, 1990), the court approved a proposed consent judgment providing for a nutritional assessment of each AIDS or HIV-positive inmate in the Connecticut Department of Corrections, daily multivitamins, and high caloric supplements in the event of "wasting" or excessive weight loss. However, this case does not establish Eleventh Circuit precedent for the purposes of the qualified immunity analysis. *See also Hawley v. Evans*, 716 F.Supp. 601 (N.D. Ga. 1989) (HIV-positive inmates not constitutionally entitled to experimental drugs).

6

DONE this 30th day of January, 1998.

*[signature]*
LYNWOOD SMITH, JR.
UNITED STATES DISTRICT JUDGE

7